UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| SURENDER MALHAN, MARYANN PETRI, and MICHAEL VOLPE,<br><br>Plaintiffs,<br><br>v.<br><br>STATE OF NEW JERSEY, MATTHEW J. PLATKIN, JOHN DOES 1 THROUGH 10, CHRISTINE NORBUT BEYER, HEIDI W. CURRIER, PETER MELCHIONNE, J.S.C., and DAVID KATZ,<br><br>Defendants. | Civil Action No.<br><br>22-6353 (SDW) (LDW)<br><br>**MEMORANDUM OPINION AND ORDER** |

**LEDA DUNN WETTRE, United States Magistrate Judge**

Before the Court is plaintiffs' motion for leave to file a second amended complaint to implead as a defendant New Jersey State Treasurer Elizabeth Muoio; to assert additional claims for declaratory relief; and to plead what plaintiffs frame as new factual allegations. (ECF No. 37).[1] Defendants State of New Jersey, Attorney General Matthew J. Platkin, Commissioner of New Jersey Department of Families Christine Norbut Beyer, Heidi W. Currier, J.S.C., David B. Katz, J.S.C., and Peter J. Melchionne, J.S.C. oppose the motion. (ECF No. 42). This opinion is issued without oral argument pursuant to Federal Rule of Civil Procedure 78(b). For the reasons set forth below, plaintiffs' motion is **DENIED**.

---

[1] Citations to "ECF No. _" refer to filings on the docket of this civil action unless otherwise specified.

I.     BACKGROUND

This is one of numerous related federal lawsuits filed by plaintiff Surender Malhan relating to his divorce and custody proceedings in the Superior Court of New Jersey, Chancery Division: Family Part, Bergen County.[2]  *See Argen v. Katz, et al.*, 18-cv-963 (SDW)(LDW), ECF No. 128 n.1 (collecting related actions).[3]  Those proceedings resulted in Malhan's loss of custody of both his children and an Order that he pay nearly $2,000,000.00 in attorney fees to his ex-wife, which award was entered as spousal and child support arrears in the family court Judgment.  (*See* ECF No. 42-1, Exh. A ¶ 22).  The Court presumes familiarity with the procedural history and factual allegations of this and Malhan's many other actions and includes herein only background relevant to the instant motion.

During the state court proceedings, then presiding Judge Donald A. Kessler entered a "gag Order" on June 18, 2015 (hereinafter, the "Gag Order"), which precludes Malhan and the other parties to those proceedings from "speaking with, appearing for an interview, or otherwise discussing any custody information to any reporters, journalists, newscasters or other news media employees or from posting any blogs or information not previously posted or disseminated relating to the children or any custody issue in this case pending further hearing."  (ECF No. 37-1 at 75, Exh. 1 to Proposed

---

[2]     This action was transferred from the Trenton Vicinage by Order of April 11, 2023 to the Honorable Susan Davis Wigenton, U.S.D.J. and the undersigned, as related to *Argen v. Katz, et al.*, 18-cv-963 (SDW)(LDW), which was then pending in the Newark Vicinage, but is currently on appeal before the Third Circuit.

[3]     More than twenty-seven actions related to Malhan's divorce and custody proceedings have been filed, with some still pending in various courts.  *See, e.g., Family Civ. Liberties Union v. New Jersey*, 837 F. App'x 864 (3d Cir. 2020); *Malhan v. Katz*, 830 F. App'x 369 (3d Cir. 2020); *Malhan v. Sec'y U.S. Dep't of State*, 938 F.3d 453 (3d Cir. 2019); *Allen v. Debello*, 861 F.3d 433 (3d Cir. 2017); *Edelglass v. New Jersey*, No. 14-760, 2015 WL 225810 (D.N.J. Jan. 16, 2015); *Malhan v. Katz,* No. 20-8955.

2

Amended Complaint, "PAC"). On February 11, 2020, Judge David B. Katz, who was then presiding over Malhan's state court proceedings and is now a named defendant in this action, entered an Order precluding Malhan, or anyone on his behalf, from "contacting, corresponding with, and/or communicating with any private high school in New Jersey and/or any of their agents or employees" (hereinafter, the "School Contact Ban"). (*Id.* at 84).

Here, plaintiff Malhan, joined by two freelance journalists, plaintiffs Maryann Petri and Michael Volpe, attempts once again to challenge the validity and limit the enforcement of the Gag Order and School Contact Ban that have been challenged and upheld repeatedly by this Court and the Third Circuit.[4] Plaintiff Malhan additionally seeks declarations relating to monies allegedly seized by the State of New Jersey to satisfy child support arrears and to provisions in the final judgment of divorce issued by the state court. (*See* Amended Compl., ECF No. 8).

On April 14, 2023, defendants moved to dismiss plaintiffs' Amended Complaint in its entirety on grounds of sovereign immunity, judicial immunity, quasi-judicial immunity, *res judicata* and issue preclusion, and failure to state a claim. (ECF No. 33). During the pendency of that motion, plaintiffs filed the instant Motion seeking leave to file a Second Amended Complaint expanding their current pleading in three respects. (ECF No. 37). Plaintiffs seek to (1) implead Muoio on claims for declaratory and injunctive relief to disgorge monies allegedly seized from Malhan's tax returns and bank account; (2) assert declaratory judgment claims that the Gag Order and School Contact Ban will become null and void when Malhan's children become legal adults and permitting Malhan to contact

---

[4] *See, e.g., Malhan v. Katz*, Civ. Action, No. 20-8955 (SDW)(LDW), ECF No. 30 at 2, n.3 (D.N.J. Oct. 21, 2020), *aff'd* 850 F. App'x 838 (3d Cir. 2021); *Argen v. Attorney General*, Civ. Action No. 18-963 (SDW)(LDW), 2021 WL 2850427 at *3, *aff'd as to dismissal of Malhan's claims*, Case No. 21-2571, 2022 WL 3369109 (3d Cir. Aug. 22, 2022).

3

his son's school concerning a drawing made some five years ago, in September 2018, despite the School Contact Ban; and (3) plead what counsel describes as "additional facts."

Defendants oppose the motion in its entirety, contending that the "supposed 'new claims' here are undeniably retreads of prior failed arguments, or, to the extent they have not been presented in a prior lawsuit, would fail on their face in light of undeniable facts here and well-established law." (ECF No. 42 at 3). Defendants further argue the proposed amended Counts V-VIII against Muoio are futile because they are barred by the Eleventh Amendment.[5] (ECF No. 42 at 4-5). As to plaintiffs' proposed claims seeking an Order modifying the Gag Order and School Contact Ban (PAC ¶¶ 412-17), defendants contend that Malhan has already lost similar challenges in related cases and, therefore, those amendments are futile. (ECF No. 42 at 7-8). Finally, to the extent that plaintiffs' proposed claims have not already been dismissed in related cases, defendants contend that the motion to amend should be denied on the basis that such amendments demonstrate "at least an utter lack of diligence" and would result in unfair prejudice to defendants under Federal Rule of Civil Procedure 15 if permitted. (*Id.* at 42).

## II.     DISCUSSION

The decision to grant leave to amend is left to the sound discretion of the Court. *Cureton v. Nat'l Collegiate Athletic Ass'n.*, 252 F.3d 267, 272 (3d Cir.2001). Although Rule 15(a)(2) of the Federal Rules of Civil Procedure provides that a court should "freely give leave [to amend] when justice so requires," the Court may deny leave to amend "on the grounds that amendment would cause

---

[5] Claims nearly identical to these proposed claims, defendants contend, have already been tested and dismissed in a related action, *Malhan, et al. v. State of New Jersey, et al.*, Civ. Action No. 16-cv-08495 (CCC)(MF), which dismissal was affirmed by the Third Circuit on appeal. *See Malhan v. New Jersey*, 2023 WL 1793873, at *3.

undue delay or prejudice, or that amendment would be futile." *Winer Family Trust v. Queen*, 503 F.3d 319, 330–331 (3d Cir. 2007). A proposed amendment is futile if it would not survive a motion to dismiss for failure to state a claim upon which relief could be granted. *Alvin v. Suzuki*, 227 F.3d 107, 121 (3d Cir. 2000). The Court therefore acts within its discretion to deny leave to amend where the proposed amendment "is frivolous or advances a claim or defense that is legally insufficient on its face." *Harrison Beverage Co. v. Dribeck Importers, Inc.*, 133 F.R.D. 463, 468 (D.N.J. 1990). Pursuant to these standards, the Court addresses each set of proposed amendments in turn below.

      A. Proposed Claims Against New Jersey State Treasurer Elizabeth Muoio

Plaintiffs seek leave to assert claims in Counts V through VIII of the proposed Second Amended Complaint against New Jersey State Treasurer Elizabeth Muoio in her "official and individual capacities." Although the claims are styled as ones for "declaratory and injunctive relief," Malhan in effect seeks return of money allegedly seized from his tax refunds and bank account to satisfy child support obligations. (*See* PAC, Counts V-VIII). As such, they are claims for money damages, which "are not available when a state official is sued in his or her official capacity under 42 U.S.C. § 1983." *Malhan v. State of New Jersey*, Case No. 21-2926, 2023 WL 1793873, at *3 (3d Cir. Feb. 7, 2023). Plaintiffs' proposed claims against Muoio in her official capacity, which are functionally claims for compensation against the State, are not cognizable under the statute and are thus futile. *See id.*

There is likewise no basis to sue the State Treasurer in her "individual capacity." Plaintiffs have pled no factual allegations from which to infer that Muoio, through her own individual actions, violated plaintiff Malhan's rights. *See Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009) (explaining that to maintain a personal-capacity suit under § 1983, "a plaintiff must plead that each Government-

5

official defendant, through the official's own individual actions, has violated the Constitution"). In the absence of any factual support for an individual-capacity claim against the State Treasurer, it is evident that Muoio was named solely in her capacity as a department head, and as such is entitled to Eleventh Amendment immunity. Accordingly, amendment to assert claims against Muoio in her individual capacity is futile and will not be permitted.

Plaintiffs' reference to the *Ex parte Young* doctrine cannot save the proposed claims against Muoio.[6] Under that doctrine, which is "narrowly construed," a state official may be "stripped of his official or representative character" and "thereby deprived of the State's immunity when he commits an 'ongoing violation of federal law.'" *Waterfront Comm'n of New York Harbor v. Governor of New Jersey*, 961 F.3d 234, 238 (3d Cir. 2020) (quoting *Ex parte Young*, 209 U.S. 123, 159–60 (1908)), *cert. denied*, 142 S. Ct. 561 (2021). The doctrine applies only where the plaintiff seeks prospective relief and "only to the 'precise situation' of 'a federal court command[ing] a state official to do nothing more than refrain from violating federal law.'" *Id.* (quoting *Virginia Off. for Prot. & Advoc. v. Stewart*, 563 U.S. 247, 253–54 (2011)). *Ex parte Young* does not apply where, as here, a plaintiff seeks disgorgement of money allegedly seized or any other form of retroactive relief. *Blanciak v. Allegheny Ludlum Corp.*, 77 F.3d 690, 697 (3d Cir. 1996) ("[R]elief that essentially serves to compensate a party injured in the past by the action of a state official, even though styled as something

---

[6] With virtually no argument or explanation, plaintiffs also assert that the "*Lee-Malone*" doctrine provides an exception to immunity applicable to the proposed claims against Muoio. (ECF No. 37 ¶ 8; PAC ¶¶ 48, 364, 379, 398, 419). The Court declines to address such "argument," comprised of little more than a case citation, beyond noting that the cases of *Malone v. Bowdoin*, 369 U.S. 643 (1962) and *United States v. Lee*, 106 U.S. 196 (1882) concern suits against the United States and federal officials for land takings and appear inapplicable to the case at bar.

6

else, is barred by the Eleventh Amendment."). Accordingly, because *Ex parte Young* is inapplicable to the proposed claims against Muoio, those claims are futile and leave to assert them is denied.

   *B. Amendments Concerning the June 2015 and February 2020 State Court Orders*

  Plaintiffs further request leave to assert claims for declaratory judgments from this Court that (1) the state court Gag Order and School Contact Ban will become null and void when Malhan's children "die or reach the age of majority" and (2) permitting Malhan to contact his son's high school despite the Order prohibiting such contact. (PAC, Counts XII and XIII). The Court construes those proposed amendments as requests for clarification and modification of aspects of Orders not issued by this Court. As such, the Court finds no cause of action properly before the District Court that is apparent from the proposed amended pleading or that is argued in plaintiffs' briefing.

  Proposed Count XII states, without explanation or reference to any cognizable federal right or available remedy, that "[t]he Gag Orders are permanent and as now written will continue even after Malhan's children die or become adults," that "[t]he state falsely claims that the Gag Orders are needed to protect 'children'" and that "[o]nce Malhan's children are no longer children or are no longer alive even the pretextual reasons for the Gag Order dissipate." (PAC ¶¶ 412-15). The bare allegations proffered in support of Count XIII read: "Malhan and his counsel and others have wished to share this the [sic] son's school but the court order does not seem to permit this" and "[t]he Gag Orders are permanent and as now written will continue even after Malhan's children die or become adults."[7] (*Id.* ¶¶ 412-417).

---

[7]  The Court notes with dismay the macabre speculation throughout plaintiffs' counsel's publicly filed submission that Malhan's minor children may die an untimely death or otherwise engage in violent behavior. *See, e.g.,* ECF No. 37 ¶ 14 ("In the alternative in the statistically more likely event that Malhan's daughter kills herself or his son shoots up a school and kills himself or is shot by police, the Gag Order protecting family court judges should immediately become null and

The availability of declaratory relief "presupposes the existence of a judicially remediable right," which right plaintiffs utterly fail to establish, or even mention, here. *Schilling v. Rogers*, 363 U.S. 666, 677 (1960); *and see Malhan v. Sec'y United States Dep't of State*, 938 F.3d 453, 457 n.3 (3d Cir. 2019) (explaining the Declaratory Judgment Act "creates a remedy, not rights") (citations omitted). Without pointing to any such right remediable by this Court, plaintiffs' proposed declaratory judgment claims are futile. *See Aetna Life Ins. Co. v. Haworth*, 300 U.S. 227, 241 (1937) (proper exercise of judicial function under the Declaratory Judgment is "definitive determination of the legal *rights* of the parties in an adversary proceeding upon the facts alleged") (emphasis added).

### C. Amendments to Add "Factual Allegations"

Because, for the foregoing reasons, the Court denies leave to add the New Jersey State Treasurer as a defendant and further denies leave to assert the new proposed claims at Counts VII and VIII of the PAC, leave to add new facts pertinent to those claims is denied as futile. (See PAC ¶¶ 48, 362-65).

As to the factual and legal allegations plaintiffs seek to add to their existing claims, which are challenged by defendants' pending Motion to Dismiss (ECF No. 32), the Court finds good cause to deny leave without prejudice pending adjudication of that dispositive motion. In the Court's considered view, to allow the filing of an Amended Complaint in this posture would impose undue prejudice to defendants, who would be required to move anew against any new pleading. The

---

void.")"; ECF No. 37-1 at ¶¶ 413-415, 417 (seeking declaratory relief from enforcement of state court Orders "once Malhan's children die or reach the age of majority"). Given the history of Malhan and his counsel's litigation in this Court and the lack of merit of the causes of action to which such statements purportedly relate, these unnecessarily graphic and disturbing references seem to be interjected for a purpose beyond litigating this action on its merits. Counsel is cautioned against future such conduct.

interests of justice and interests of the Court are instead best served by deferring to the District Court's adjudication of the Motion to Dismiss. If, upon adjudication of the Motion to Dismiss, the District Court finds plaintiffs' existing claims potentially viable on repleading, Judge Wigenton has the opportunity to address that in Her Honor's forthcoming decision.

### III. CONCLUSION

For the reasons set forth above, plaintiffs' Motion to Amend **DENIED**. The Clerk of Court is requested to terminate the Motion to Amend at ECF No. 37.

**SO ORDERED this 24th day of August, 2023.**

                                                         *s/ Leda Dunn Wettre*
                                                         Hon. Leda Dunn Wettre
                                                         United States Magistrate Judge